IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | DATE FILED: |
| DAVID ANTHONY HOLMAN | : | VIOLATIONS: |
| | | 18 U.S.C. § 371 (conspiracy to commit |
| | : | loan and wire fraud - 1 count) |
| | | 18 U.S.C. § 1014 (loan fraud – 1 count) |
| | : | 18 U.S.C. § 2 (aiding and abetting) |
| | | Notice of forfeiture |

**INFORMATION**

**COUNT ONE**

THE UNITED STATES ATTORNEY CHARGES THAT:

At all times material to this information:

1. Kevin Joseph Franklin, charged elsewhere, Roderick L. Foxworth, Sr., charged elsewhere, Eric Sijohn Brown, charged elsewhere, and Walter Alston Brown, Jr., charged elsewhere, created a real estate settlement company, REGGL Inc. d/b/a KREW Settlement Services ("KREW"), which had its office in Philadelphia, Pennsylvania. "KREW" is an acronym for the first names of these four individuals, who also operated a second real estate settlement company, Briser Abstract Company ("Briser Abstract"), out of KREW's office in Philadelphia, Pennsylvania.

2. Kevin Joseph Franklin worked as a Title Agent at 21st Century Abstract Company and PA/NJ Abstract prior to creating KREW.

3. John William Polosky, charged elsewhere, was a mortgage broker in Pittsburgh, Pennsylvania. Polosky's duties as a mortgage broker included preparing loan applications and submitting them, along with supporting documentation, to potential lenders to secure loans and mortgages.

4. Defendant DAVID ANTHONY HOLMAN was a childhood friend of Eric Sijohn Brown.

5. T.H. was defendant HOLMAN's sister.

6. First Horizon Home Loan Corporation, a subsidiary of First Tennessee Bank, was in the business of providing mortgage loans and was used by First Tennessee Bank to issue home mortgage loans. First Tennessee Bank did business in interstate commerce and was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").

## THE CONSPIRACY

7. From in or about May 2004, to in or about December 2009, in the Eastern District of Pennsylvania, and elsewhere, defendant

**DAVID ANTHONY HOLMAN**

conspired and agreed together and with Eric Sijohn Brown, Kevin Joseph Franklin, Roderick L. Foxworth, Sr., Walter Alston Brown, Jr., Cynthia Evette Brown, charged elsewhere, Willie G. Manley, Jr., charged elsewhere, John William Polosky, Eric Ponder, charged elsewhere, Francine Shanique Cross, charged elsewhere, Rashika J. Moon, charged elsewhere, Mark Murphy, charged elsewhere, Dontaya S. Devore, charged elsewhere, Gregory Christopher Thornton, charged elsewhere, and others known and unknown to the United States Attorney, to knowingly

2

make and cause to be made to federally-insured banks a false statement for the purpose of influencing the actions of the federally-insured banks upon a loan and to knowingly devise a scheme to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and to use interstate wires to further the scheme to defraud mortgage lenders and financial institutions, in violation of Title 18, United States Code, Sections 1014, 1343, and 1349.

## MANNER AND MEANS

It was part of the conspiracy that:

8.  Defendant DAVID ANTHONY HOLMAN, co-conspirators Eric Sijohn Brown, Kevin Joseph Franklin, Roderick L. Foxworth, Sr., Walter Alston Brown, Jr., Cynthia Evette Brown, Willie G. Manley, Jr., John William Polosky, Eric Ponder, Francine Shanique Cross, Rashika J. Moon, Mark Murphy, Dontaya S. Devore, Gregory Christopher, and others known and unknown to the United States Attorney, assembled and submitted loan applications containing false information to lenders to dupe the lenders into loaning funds to purchase real properties within the Eastern District of Pennsylvania, the Eastern District of Virginia, the District of New Jersey, and elsewhere.

9.  Co-conspirators Eric Sijohn Brown, Eric Ponder, and others known and unknown to the United States Attorney, typically sought out distressed properties to purchase in the West Philadelphia area. Sometimes, the properties were purchased in the name of defendant co-conspirators Eric Ponder, Rashika J. Moon, Mark Murphy, Dontaya S. Devore, Roderick L. Foxworth, Sr., Cynthia Evette Brown, Gregory Christopher Thornton, or other co-conspirators. Other times, defendant DAVID ANTHONY HOLMAN, co-conspirators Eric Sijohn Brown,

Walter Alston Brown, Jr., and Eric Ponder, and other co-conspirators, recruited straw buyers with good credit who agreed to allow the properties to be purchased in their names.

10. In order to secure the mortgage loans for the properties, co-conspirators John William Polosky, Walter Alston Brown, Jr., Roderick L. Foxworth, Sr., and others known and unknown to the United States Attorney, prepared and brokered fraudulent loan applications that they knew contained materially false information, such as false W-2 Forms, false income tax returns and false payroll stubs. In addition, the applications were often supported by false appraisals that grossly overstated the market values of the properties.

11. Co-conspirator Willie G. Manley, Jr., created false income documents such as W-2 Forms, paystubs, and Form 1040 income tax returns at the direction of Eric Sijohn Brown and Roderick L. Foxworth, Sr., for the straw buyers and co-conspirators in whose names the properties would be titled, which were provided to the lenders and upon which the lenders relied when approving the mortgage loan applications.

12. Co-conspirator Francine Shanique Cross worked as a real estate appraiser and knowingly prepared and authorized the preparation of falsely-inflated appraisals for the properties, thereby overstating the actual values of the cheap homes being bought.

13. Co-conspirator Cynthia Evette Brown falsely represented to lenders that various straw buyers worked at the same company at which she worked, when in reality they did not.

14. Co-conspirator Kevin Joseph Franklin, who served as title agent for most of the transactions, typically prepared two deeds and settlement statements (referred to as "Form HUD-1") – one for the seller that showed the actual agreed-upon sales price, and a false one for

the lender that showed the grossly inflated sales price. Franklin sometimes recorded the false deed showing the grossly inflated sales price with the City of Philadelphia Records Department, which the co-conspirators could then use to establish comparable sales for subsequent false loans for properties in the surrounding area.

15. Co-conspirators Eric Sijohn Brown, Eric Ponder, and Francine Shanique Cross created false invoices showing extensive home improvements to the properties that had never been done, in order to support payments to them from the mortgage loan proceeds.

16. Lenders, including First Horizon Home Loan Corporation, a subsidiary of First Tennessee Bank, and other FDIC-insured banks, many of which were outside the state of Pennsylvania, approved and accepted the loans having relied on the false information contained in the loan applications provided by co-conspirators Walter Alston Brown, Jr., Roderick L. Foxworth, Sr., and John William Polosky, and other co-conspirators, and wired or mailed loan proceeds to title companies in Pennsylvania and Virginia, including title companies controlled by Kevin Joseph Franklin or at which Franklin worked.

17. After the loans funded, that seller was paid the agreed-upon sales price, and the difference between the actual sales price and the false sales price quoted to the lender was shared with and distributed by co-conspirators Kevin Joseph Franklin and Eric Sijohn Brown to other co-conspirators who had been involved in securing the particular loans, including defendant DAVID ANTHONY HOLMAN.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendant DAVID ANTHONY HOLMAN and his co-conspirators committed the following overt acts, among others, in the Eastern District of Pennsylvania, and elsewhere:

### I. 29 W. POMONA STREET, PHILADELPHIA, PA

1. Sometime prior to December 15, 2005, defendant DAVID ANTHONY HOLMAN recruited T.H., a person known to the United States Attorney, to act as a straw buyer for the property at 29 W. Pomona Street. At the time, defendant HOLMAN knew that while T.H. would be signing loan paperwork and applying for the mortgage at 29 W. Pomona Street, T.H. would not be the true owner of 29 W. Pomona Street. Defendant HOLMAN further knew that the purchase price of the property would be inflated on the loan application and that he and co-conspirator Eric Sijohn Brown would each receive a share of the surplus loan proceeds.

2. On or about December 15, 2005, at the direction of defendant DAVID ANTHONY HOLMAN, T.H. signed a uniform residential loan application seeking a mortgage for 29 W. Pomona Street that contained materially false statements including, among other things, that the purchase price was approximately $265,000 and that property would be T.H.'s primary residence.

3. On or about December 30, 2005, defendant DAVID ANTHONY HOLMAN and co-conspirators Eric Sijohn Brown, Kevin Joseph Franklin, and John William Polosky submitted and caused to be submitted to First Horizon Home Loan Corporation, a subsidiary of First Tennessee Bank, via facsimile in interstate commerce, T.H.'s uniform residential loan application for 29. W. Pomona Street and supporting documents containing

materially false statements that included, among other things, a false statement that that the purchase price was approximately $265,000 and a false statement that the property would be T.H.'s primary residence.

4. On or about January 4, 2006, defendant DAVID ANTHONY HOLMAN filled out, signed, and dated a false gift letter that falsely stated that defendant HOLMAN was giving a $40,000 cash gift to T.H. for T.H. to use to purchase 29 W. Pomona Street. At the time he signed this false gift letter, defendant HOLMAN knew that it was false in that he was not giving a gift of $40,000 to T.H. and T.H. was not using any such money to help purchase 29 W. Pomona Street. At the time he signed this false gift letter, defendant HOLMAN further knew that it was going to be submitted to the lender and that the lender would rely upon it in deciding whether or not to approve T.H.'s mortgage loan application.

5. On or about January 5, 2006, defendant DAVID ANTHONY HOLMAN and co-conspirators Eric Sijohn Brown, Kevin Joseph Franklin, and John William Polosky, submitted and caused to be submitted to First Horizon Home Loan Corporation, a subsidiary of First Tennessee Bank, via facsimile in interstate commerce a false real estate sales contract that falsely showed the purchase price of 29. W. Pomona Street to be approximately $265,000.

6. On or about January 6, 2006, defendant DAVID ANTHONY HOLMAN and co-conspirators Eric Sijohn Brown, Kevin Joseph Franklin, and John William Polosky submitted and caused to be submitted to First Horizon Home Loan Corporation, a subsidiary of First Tennessee Bank, via facsimile in interstate commerce the false gift letter signed by defendant HOLMAN dated January 4, 2006.

7. On or about January 10, 2006, co-conspirators Eric Sijohn Brown and Francine Shanique Cross created false invoices showing charges for repairs that were never made to the property at 29 W. Pomona Street and supplied those invoices to co-conspirator Kevin Joseph Franklin in order to support payments to them from part of the loan proceeds.

8. On or about January 10, 2006, co-conspirator Kevin Joseph Franklin prepared two sets of Form HUD-1 settlement statements – one for the seller that showed the agreed-upon purchase price and one for First Horizon Home Loan Corporation, a subsidiary of First Tennessee Bank, that showed the false purchase price to be $265,000.

9. On or about January 10, 2006, defendant DAVID ANTHONY HOLMAN and co-conspirators Eric Sijohn Brown, Kevin Joseph Franklin, and John William Polosky caused First Tennessee Bank, through its First Horizon Home Loan Corporation subsidiary, to approve the mortgage application for 29 W. Pomona Street, issue a loan in the amount of $225,250, and wire approximately $223,308.23 in interstate commerce from Tennessee to a bank account in Pennsylvania utilized by 21st Century Abstract Company, where Franklin worked as a title agent.

10. On and after January 10, 2006, co-conspirator Kevin Joseph Franklin disbursed funds to co-conspirators known and unknown to the United States Attorney, including approximately $67,252 to co-conspirator Eric Sijohn Brown, approximately $51,775 to co-conspirator Francine Shanique Cross (through her sister, L.W.), and approximately $7.900 to co-conspirator Rashika J. Moon.

11. On or about January 13, 2006, co-conspirator Eric Sijohn Brown wrote two checks from his National Penn Bank account ending in 2275 both made payable to

defendant DAVID ANTHONY HOLMAN in the amounts of $9,000 and $6,000, respectively, representing part of defendant HOLMAN's share of the loan proceeds fraudulently obtained from the mortgage on 29 W. Pomona Street.

12. On or about January 13, 2006, defendant DAVID ANTHONY HOLMAN cashed the $9,000 check that co-conspirator Eric Sijohn Brown had paid him from the proceeds of the mortgage on 29 W. Pomona Street.

13. On or about January 17, 2006, defendant DAVID ANTHONY HOLMAN cashed the $6,000 check that co-conspirator Eric Sijohn Brown had paid him from the proceeds of the mortgage on 29 W. Pomona Street.

14. On or about March 1, 2006, co-conspirator Eric Sijohn Brown wrote a check from his National Penn Bank account ending in 2275, made payable to defendant DAVID ANTHONY HOLMAN, in the amount of $700, representing part of defendant HOLMAN's share of the loan proceeds fraudulently obtained from the mortgage on 29 W. Pomona Street.

15. On or about March 2, 2006, defendant DAVID ANTHONY HOLMAN, cashed the $700 check that co-conspirator Eric Sijohn Brown had paid him from the proceeds of the mortgage on 29 W. Pomona Street.

16. On or about May 25, 2006, co-conspirator Eric Sijohn Brown wrote a check from his National Penn Bank account ending in 2275, made payable to defendant DAVID ANTHONY HOLMAN, in the amount of $1,000, representing part of defendant HOLMAN's share of the loan proceeds fraudulently obtained from the mortgage on 29 W. Pomona Street.

17. On or about May 26, 2006, defendant DAVID ANTHONY HOLMAN, cashed the $1,000 check that co-conspirator Eric Sijohn Brown had paid him from the proceeds of the mortgage on 29 W. Pomona Street.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

  1. Paragraphs 1 through 6 and 8 through 17 and Overt Acts 1 through 17 of Count One are incorporated here.

  2. Between on or about December 30, 2005 and January 6, 2006, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

## DAVID ANTHONY HOLMAN

together and with Eric Sijohn Brown, Kevin Joseph Franklin, Roderick L. Foxworth, Sr., .Walter Alston Brown, Jr., John William Polosky, and Francine Shanique Cross, and others known and unknown to the United States Attorney, knowingly made and caused to be made to First Tennessee Bank, and aided and abetted the making of, a false statement for the purpose of influencing the actions of First Tennessee Bank upon a loan, that is, a $225,250 mortgage for 29 W. Pomona Street, Philadelphia, PA, in that defendant HOLMAN together and with Eric Sijohn Brown, Kevin Joseph Franklin, Roderick L. Foxworth, Sr., .Walter Alston Brown, Jr., John William Polosky, and Francine Shanique Cross, caused to be submitted to First Tennessee Bank through its subsidiary, First Horizon Home Loan Corporation, a false loan application and supporting documents that represented that T.H. was the buyer, that the property would be T.H.'s primary residence, that the purchase price was $265,000, and that defendant HOLMAN had provided $40,000 cash as a gift to T.H. to use as the down payment, when, as defendant HOLMAN knew, the representations were not true.

  All in violation of Title 18, United States Code, Sections 1014 and 2.

## **NOTICE OF FORFEITURE**

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

1. As a result of the violation of Title 18, United States Code, Sections 371 and 1014, as set forth in this information, defendant

### **DAVID ANTHONY HOLMAN**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such offenses, including, but not limited to, the sum of $225,250.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(b), both incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(c) and 982(a)(2) and Title 28, United States Code, Section 2461.

_____
ZANE DAVID MEMEGER
UNITED STATES ATTORNEY